[No. 3103-1.   Division One.   February 2, 1976.]

J. R. CARPENTER, ET AL, *Respondents*, V. ISLAND COUNTY, ET AL, *Respondents*, HENRY H. OLSON, INC., ET AL, *Appellants*.

*Zylstra & Pitt* and *Richard L. Pitt*, for appellants.

*Jacob Cohen*, for respondents.

WILLIAMS, C.J.—In 1972, Henry H. Olson, Inc. and others petitioned for the annexation of certain territory to the Penn Cove Sewer District as permitted by RCW 56.24. The district commissioners concurred in the petition and transmitted it to the county commissioners who also approved. Jerry R. Carpenter and others, residents of the district, applied to the superior court for a writ of certiorari to review the annexation proceedings. The court granted the writ and, following a hearing, entered findings of fact, conclusions of the law and judgment invalidating the annexation because an environmental impact statement specified in RCW 43.21C.030(2)(c) had not been prepared. Olson and others appeal. We reverse because the annexation proceeding was not a major action significantly affecting the quality of the environment; hence, an impact statement was not required.

■ The sewer district does have authority to take major actions significantly affecting the quality of the environment, RCW 56.08.010, and may become the body required to make an original determination of the impact upon the environment of projects undertaken within its boundaries. *Eastlake Community Council v. Roanoke Associates, Inc.*, 82 Wn.2d 475, 513 P.2d 36 (1973); *Juanita Bay Valley Community Ass'n v. Kirkland*, 9 Wn. App. 59, 510 P.2d 1140 (1973); *First Nat'l Bank v. Richardson*, 484 F.2d 1369 (7th Cir. 1973); *Scientists' Institute For Pub. Information, Inc. v. Atomic Energy Comm'n*, 481 F.2d 1079 (D.C. Cir. 1973); *Julis v. Cedar Rapids*, 349 F. Supp. 88 (N.D. Iowa, 1972).

However, the planning, design, financing, and construction of a project which may be a major action requiring an environmental impact statement cannot be commenced until after the annexation is finally approved because the owners of the land annexed must have the opportunity to participate in the government of the enlarged district. Until the annexation process is complete, the district has no power to authorize or undertake projects within its new boundaries. The applicable section of the environmental protection act, RCW 43.21C.030(2), calls for governmental action; there can be no governmental action in the annexed territory until there is a government with jurisdiction to take such action.

■ In their brief, Carpenter and others contend the question of the legality of the annexation is moot because the sewer district commissioners rescinded it in a letter to the trial court. The annexation became an accomplished fact when the county commissioners approved the annexation by resolution. RCW 56.24.140; RCW 56.02.060, .070. The territory annexed may be withdrawn only as provided by RCW 56.28.010; not by a letter to the court.

Reversed and remanded for further proceedings consistent with this opinion.

SWANSON and ANDERSEN, JJ., concur.

Petition for rehearing denied March 11, 1976.

Review granted by Supreme Court May 25, 1976.