[No. 44172. En Banc. April 6, 1978.]

J. R. CARPENTER, ET AL, *Petitioners,* v. ISLAND COUNTY, ET AL, *Petitioners,* HENRY H. OLSON, INC., ET AL, *Respondents.*

*Jacob Cohen,* for petitioners.

*Zylstra & Pitt* and *Richard L. Pitt,* for respondents.

ROSELLINI, J.—In 1972, the County Commissioners of Island County approved the annexation of certain territory to the Penn Cove Sewer District, an annexation which had previously been concurred in by the sewer district commissioners. After their concurrence, the sewer district commissioners were replaced by persons opposing the annexation. Certiorari was sought by certain residents of the district, to have the annexation declared void. The sewer district commissioners defaulted and residents of the annexed territory intervened in defense of the annexation.

The Superior Court held the annexation invalid because no environmental impact statement had been prepared with reference to it. The Court of Appeals, Division One, reversed, holding that the annexation was not a "major

[action] significantly affecting the quality of the environment." *Carpenter v. Island County,* 14 Wn. App. 843, 844, 545 P.2d 1218 (1976). We granted a petition for review.

At the outset, the petitioners renew a contention, not noticed in the Court of Appeals opinion, that the assignments of error are inadequate, because the trial court's "finding" that the annexation was a major action significantly affecting the environment was not challenged. We observe, however, as the Court of Appeals evidently did, that the facts of the case are not in dispute, and the question presented is one of law. That question is: Does the annexation of territory to a sewer district constitute a major action significantly affecting the quality of the environment, within the meaning of RCW 43.21C.030?

The organization of sewer districts is provided for in RCW 56.04, and the annexation of territory to such districts is authorized in RCW 56.24. RCW 56.08.020 requires that before sewer district commissioners order any improvements or submit to vote any proposition for incurring indebtedness, they must adopt a comprehensive plan for a system of sewers for the district. This plan must be submitted to a designated engineer and to the county director of health for their approval. RCW 56.08.040 imposes upon the commissioners the duty to adopt a plan for additions and betterments to the original plan, whenever territory has been annexed. Financing is provided for in RCW 56.16 and .20.

As the statutes contemplate, at the time of the annexation of territory to Penn Cove Sewer District, there was before the commissioners no plan for the furnishing of sewage facilities to this annexed territory. The annexation was, as the petitioners stress, the first step which in the normal course of events should lead to the furnishing of sewer services to this territory. However, as the respondents point out, the annexation itself merely changed the boundaries of the district. That boundary change had no impact on the physical environment.

■ This court has been liberal in its interpretation and application of the State Environmental Policy Act of 1971 (RCW 43.21C) provisions relating to the preparation and circulation of environmental impact statements. But in all of the cases in which we have found that such a statement was required, the governmental action in question approved some action or plan which involved a delineated change in environment. *Stempel v. Department of Water Resources,* 82 Wn.2d 109, 508 P.2d 166 (1973) (the appropriation of water in a lake); *Eastlake Community Council v. Roanoke Associates, Inc.,* 82 Wn.2d 475, 513 P.2d 36 (1973) (the completion of a building); *Loveless v. Yantis,* 82 Wn.2d 754, 513 P.2d 1023 (1973) (plans for a street layout); *Leschi Improvement Council v. State Highway Comm'n,* 84 Wn.2d 271, 525 P.2d 774 (1974) (the enlargement of a highway and bridge). Where, as here, no proposal for a change in the environment is before the agency, there is no impact which can be evaluated.

The petitioners have cited a recent decision of the Supreme Court of California, *Bozung v. Local Agency Formation Comm'n,* 13 Cal. 3d 263, 529 P.2d 1017, 118 Cal. Rptr. 249 (1975), which they contend supports their view that the annexation which occurred in this case was subject to the statutory requirement that an environmental impact statement be prepared. The court in that case held that under California law and administrative regulations, an agency approval of a proposed annexation of agricultural land to the city of Camarillo called for an impact statement. In that case, it was conceded that the annexation would result in a change in the use to which the land could be put—that, in fact, the land would be rezoned from agricultural to residential, commercial and recreational.

In a subsequent case before the California Court of Appeals, Second District, Division Three (*Simi Valley Recreation & Park Dist. v. Local Agency Formation Comm'n,* 51 Cal. App. 3d 648, 124 Cal. Rptr. 635 (1975)), in which the defendant was the same type of agency that had been sued in the *Bozung* case, the *Bozung* case was distinguished

upon this ground, the court saying that the earlier case did not make every Local Agency Formation Commission approval of local agency boundary changes, the timing of which might coincide with intended development, a "project" under the State Environmental Quality Act. It, the court said, dealt only with the situation where commission approval was a necessary step in the development and in effect constituted an entitlement for use for such development. The decision was found inapplicable because in the *Simi Valley* case, the detachment of land from a recreation and park district did not make any change in the uses to which the land might be put.

That is the case here.

There is no contention that the annexation of territory to a sewer district changes the use which can be lawfully made of the land. That use is determined by zoning laws. Lack of sewer facilities may, as a practical matter, restrict an owner's use of his land, but we find in the statute providing for sewer districts (RCW 56) no expression of legislative intent that sewer services can be furnished or withheld for the purpose of regulating land use. We are cited to no law which denies to landowners the right to obtain sewer disposal facilities or services from some source, and it is obviously in the community's interest that they dispose of sewage in a manner consistent with plans which have been adopted and approved for the protection of the public health and welfare. RCW 36.70.350; RCW 56.08.020.

Since *Bozung v. Local Agency Formation Comm'n, supra*, is readily distinguishable, we need not decide whether the quality of the majority opinion is such that we would be inclined to follow it in an apposite case.

The conclusion that a sewer district annexation does not require the preparation of an environmental impact statement does not mean that sewer systems and facilities can be approved or installed without reference to their impact on the environment.

For example, the requirements of SEPA clearly overlay the whole statutory process. RCW 43.21C.060; *see Sisley v.*

*San Juan County,* 89 Wn.2d 78, 569 P.2d 712 (1977); *Leschi Improvement Council v. State Highway Comm'n,* 84 Wn.2d 271, 525 P.2d 774 (1974). Further, applicable statutes provide extensively for such consideration.

RCW 56.02.060 sets up criteria for approval of a sewer district annexation by the county legislative authority. These criteria include:

1. Whether the proposed action in the area under consideration is in compliance with the development program which is outlined in the county comprehensive plan and its supporting documents; and/or

2. Whether the proposed action in the area under consideration is in compliance with the basinwide water and/or sewage plan as approved by the State Department of Ecology and the State Department of Social and Health Services; and/or

3. Whether the proposed action is in compliance with the policies expressed in the county plan for water and/or sewage facilities.

The section provides that if the proposed action is consistent with all of the above subsections, the legislative authority shall approve it unless it finds that utility service in the area under consideration will be most appropriately served by the county itself under the provisions of RCW 36.94, by a city, town or municipality, or by another existing special purpose district rather than by the proposed action under consideration. RCW 56.02.060 (Laws of 1971, 1st Ex. Sess., ch. 139, § 1). *See also* RCW 36.94, RCW 43.20.050 (*cf.* WAC 248–54), RCW 90.48.270, .280, and RCW 90.54 (*cf.* WAC 173–500).

Further, in ascertaining the legislative intent, it is helpful to look at the statute authorizing county comprehensive plans, which is referred to in paragraph 1 of the criteria. That statute, RCW 36.70, states in its preamble (RCW 36.70.010):

The purpose and intent of this chapter is to provide the authority for, and the procedures to be followed in, guiding and regulating the physical development of a

county or region through correlating both public and private projects and coordinating their execution with respect to all subject matters utilized in developing and servicing land, all to the end of assuring the highest standards of environment for living, and the operation of commerce, industry, agriculture and recreation, and assuring maximum economies and conserving the highest degree of public health, safety, morals and welfare.

RCW 36.70.320 directs the county planning agency to prepare a comprehensive plan for the "orderly physical development of the county." RCW 36.70.330 sets forth the required elements of such a plan, which include a land use element. Discretionary elements, provided for under RCW 36.70.350, include a conservation element and a public services and facilities element, which embraces plans for sewerage. The entire act is designed "to the end of assuring the highest standards of environment for living." RCW 36.70-.010.

A further argument of the petitioners should be noticed. After the trial of this case, and pursuant to authority conferred upon it in RCW 43.21C.110(1) (enacted in 1974), the Council on Environmental Policy adopted guidelines, which are now codified as chapter 197–10 of the Washington Administrative Code, effective January 16, 1976. While it is not suggested that these guidelines are controlling of our decision here, the petitioners maintain that they indicate that at least a threshold determination should have been made in this case. They point to WAC 197–10–300 (requiring a threshold determination for every proposal for a major action); WAC 197–10–040(33) (defining threshold determination); WAC 197–10–040(2) (classifying governmental actions as "licensing," "action of a project nature," and "action of a nonproject nature"); WAC 197–10–040(2)(c)(iv) (defining governmental action of a nonproject nature to include annexation of territory to a district); WAC 197–10–040(29) (defining the word proposal); WAC 197–10–040(23) (defining a local agency to include any district).

Assuming for the purpose of argument only that these guidelines are expressive of requirements which were implicit in the provisions of RCW 43.21C before their adoption, reading them as a whole we do not find that they support the petitioner's theory. Nowhere in the cited provisions is an annexation of territory defined as a major action, and a threshold determination is required only where such an action is proposed. A major action is defined in WAC 197–10–040(24) as any action not exempt under the guidelines.

WAC 197–10–170(18)(b) expressly exempts all storm water, water and sewer facilities, lines, equipment, hookups or appurtenances including, utilizing or related to lines 8 inches or less in diameter. Thus, unless the facilities to be built in the annexed territory utilize lines of greater diameter, it would appear that they are expressly exempted.[1] Whether they do or do not fall within the exemption cannot be determined until a plan for sewer expansion is proposed.

The guidelines make express provision for the situation presented here. WAC 197–10–055 recognizes that in many cases, "preliminary decisions must be made upon a proposal before the proposal is sufficiently definite to permit meaningful environmental analysis." The lead agency,[2] the guideline says, should require completion of the threshold determination and environmental impact statement, if required, at the earliest point in the planning and decision-making process when the principal features of a proposal

---

[1]We do not have before us, and therefore do not decide here the question whether, if a proposed sewer system included, utilized or related to lines greater than 8 inches in diameter, an environmental impact statement would be required. WAC 197–10–160 provides: "No presumption as to the significance of the impacts upon the environment shall be given to any proposed action merely because it was not exempted."

[2]In view of our disposition of the petition in this case, it is not necessary to determine whether the sewer district or the county commissioners was a lead agency as that term is defined in the guidelines.

and its impacts upon the environment can be reliably identified.

Since no proposal for construction or the alteration of the existing sewer system had been advanced at the time of annexation, the annexation itself had no impact on the environment.

The decision of the Court of Appeals is affirmed, and the cause is remanded to the Superior Court as directed herein.

WRIGHT, C.J., HAMILTON, STAFFORD, and DOLLIVER, JJ., and RYAN, J. Pro Tem., concur.

UTTER, J. (concurring in the result)—The facts of this case are set forth in *Carpenter v. Island County,* 14 Wn. App. 843, 545 P.2d 1218 (1976), and the majority opinion. The sole issue presented on appeal is whether an environmental impact statement need be filed at the particular stage of the proceedings there described. I would affirm the holding of the Court of Appeals that there was no major governmental action within the newly annexed area.

I particularly disagree with the holding of the majority that WAC 197–10–170(18)(b) expressly exempts all annexation of sewer facilities from the definition of a major action in WAC 197–10–040(24). WAC 197–10–040(2)(c)(iv) defines "action" as including "creation of, or annexations to, any city, town or district." WAC 197–10–150 provides that only those "actions" which are expressly exempted are not "major actions" for the purposes of the threshold determination requirement of WAC 197–10–300. None of the exemptions included in the guidelines applied to annexation of territory to a sewer district. The exemption cited by the majority in justifying failure in this case to make a threshold determination, WAC 197–10–170(18)(b), relates to the construction of sewer lines of less than the specified size. It has nothing whatever to do with annexation. This unnecessary discussion in the opinion of a matter not briefed by both parties and only raised in the reply

brief of respondent unnecessarily complicates an area already difficult enough for the conscientious practitioner.

BRACHTENBACH, J., concurs with UTTER, J.

Petition for rehearing denied June 7, 1978.